1
2
3
4
5
6
7

8                IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    CHARLES NEWMAN,                    )
                                         )        No. C 05-00343 JW (PR)
12              Petitioner,              )
                                         )        ORDER DENYING PETITION FOR
13        vs.                            )        A WRIT OF HABEAS CORPUS
                                         )
14    RICHARD KIRKLAND, Warden,          )
                                         )
15              Respondent.              )
                                         )
16    _____

17

18        Petitioner, a California state prisoner currently incarcerated at the Corcoran

19    State Prison, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C.

20    § 2254, alleging he was deprived of half-time credits in violation of due process.

21    The Court found the petition, liberally construed, stated a potentially cognizable

22    claim under § 2254 and ordered respondent to show cause why the petition should

23    not be granted.  Respondent filed an answer and petitioner filed a traverse.

24

25                            **BACKGROUND**

26        Petitioner alleges that for the period August 13, 2002 to December 10, 2003,

27

28    Order Denying Petition for a Writ of Habeas Corpus
      P:\PRO-SE\SJ.JW\HC.05\Newman343_deny.wpd

United States District Court

1    he was placed on the full time job waiting list.  Petitioner claims that being on the

2    waiting list entitled him under California law to receive three months sentence credit

3    for every six months served, or in other words half-time credit, but that he was not

4    given such credit.

5         Petitioner alleges that he exhausted his administrative remedies.  He also

6    claims that he filed a state habeas petition with the California Supreme Court, which

7    was denied on December 15, 2004.  Petitioner filed the instant federal habeas

8    petition on January 25, 2005.

9

10                              **DISCUSSION**

11        State prisoners who wish to challenge the computation of their time credits

12   must do so in a petition for a writ of habeas corpus, because a favorable

13   determination of the claim would likely result in entitlement to an earlier release.

14   See Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997); Young v. Kenny, 907

15   F.2d 874, 876-78 (9th Cir. 1990); see also Ramirez v. Galaza, 334 F.3d 850, 858-59

16   (9th Cir. 2003) (noting where claim, if successful, would "necessarily" or "likely"

17   accelerate prisoner's release on parole, claim is properly brought by way of habeas

18   petition).

19        This court may entertain a petition for a writ of habeas corpus "in behalf of a

20   person in custody pursuant to the judgment of a State court only on the ground that

21   he is in custody in violation of the Constitution or laws or treaties of the United

22   States."  28 U.S.C. § 2254(a).

23        Respondent is correct that petitioner's claim that he is entitled to receive

24   credits under California law is not cognizable in a federal habeas petition.  A writ of

25   habeas corpus is available "only on the basis of some transgression of federal law

26   binding on the state courts."  Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir.

27

28   Order Denying Petition for a Writ of Habeas Corpus
     P:\PRO-SE\SJ.JW\HC.05\Newman343_deny.wpd          2

United States District Court

1    1985).  It is unavailable for violations of state law or for alleged error in the

2    interpretation or application of state law.  <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-

3    68 (1991).  Here, as noted, petitioner alleges that state officials have misapplied state

4    law in calculating work credits.[1]

5         Accordingly, as the petition does not claim a violation of federal law, the

6    petition is hereby DISMISSED for failure to state a cognizable claim for federal

7    habeas relief.  <u>See</u> 28 U.S.C. § 2254(a).

8

9                                   **CONCLUSION**

10        The petition for a writ of habeas corpus is DISMISSED for failing to state a

11   cognizable claim for federal habeas relief under 28 U.S.C. § 2254(a).

12

13

14   DATED:     June 1, 2007

                                        JAMES WARE
15                                      United States District Judge

16

17

18   United States District Court

19

20

21

22

23

24        [1] Petitioner's claim still fails on the merits as it appears from the record of his
     administrative appeals that petitioner was in fact given the half-time credits, i.e., one
25   day of credit for each two days served, which he claims he did not receive.  <u>See</u>
     Computation Review Hearing Decision (Pet. Ex. G, February 20, 2003); <u>see also</u>
26   Director's Level Appeal Decision (Pet. Ex. J, May 12, 2003).

27

28   Order Denying Petition for a Writ of Habeas Corpus
     P:\PRO-SE\SJ.JW\HC.05\Newman343_deny.wpd         3